UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONE PINE PAIUTE-SHOSHONE RESERVATION,<br><br>                Plaintiff,<br><br>        v.<br><br>MELISSA ROTUNDA,<br><br>                Defendant. | **NO 2:18-cv-01722-MCE-DB**<br><br><br>**ORDER** |

On June 14, 2018, Defendant Melissa Rotunda filed a Notice of Removal of this unlawful detainer action from the Mono County Superior Court. ECF No. 1. This Court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (internal citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). As explained below, Defendant has failed to meet that burden.

/ / /

1

1    A review of the Complaint reveals that Plaintiff does not allege any federal claims;

2    instead, Plaintiff alleges only unlawful detainer under state law.  "The presence or

3    absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,'

4    which provides that federal jurisdiction exists only when a federal question is presented

5    on the face of plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482

6    U.S. 386, 392 (1987).  This is the case where the complaint "establishes either that [1]

7    federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily

8    depends on resolution of a substantial question of federal law."  Williston Basin Interstate

9    Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F.3d 1090, 1100

10   (9th Cir. 2008) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S.

11   1, 27-28 (1983)).

12        Here, Plaintiff's one cause of action is for unlawful detainer under state law.  At

13   most, Defendant argues that they have a defense under federal law.  "A case may not

14   be removed to federal court on the basis of a federal defense . . . even if the defense is

15   anticipated in the plaintiff's complaint, and even if both parties admit that the defense is

16   the only question truly at issue in the case."  ARCO Envtl. Remediation, LLC v. Dep't. of

17   Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000)

18   (citation and quotation marks omitted).  Therefore, this Court lacks jurisdiction under

19   28 U.S.C. § 1331.[1]

20        Accordingly:

21        1.    The action is REMANDED to the Mono County Superior Court.

22        2.    The Clerk of Court is directed to serve a certified copy of the order on the

23              Clerk of the Mono County Superior Court, and reference the state case

24              number (No. CV170105) in the proof of service

25        [1] Nor has Defendant established that this Court has diversity jurisdiction, since the Notice of
26   Removal does not establish diversity of the parties or that the amount in controversy exceeds $75,000.
     See Fed. Home Loan Mortg. Corp. v. Cantillano, No. CV 12-01641 GAF (CMx), 2012 WL 1193613, at *2
27   (C.D. Cal. Apr. 9, 2012) ("The appropriate dollar amount in determining the amount of controversy in
     unlawful detainer actions is the rental value of the property, not the value of the property as a whole.").
     Finally, no jurisdiction can be had under 28 U.S.C. § 1367 by way of an attempt to relate this action to
28   another wholly separate proceeding.

1    3.    The Clerk of Court is directed to close this case and vacate all dates.

2    4.    The Clerk of the Court is ordered not to open another case removing the

3          following unlawful detainer action: No. CV170105.

4    IT IS SO ORDERED.

5    Dated:  June 18, 2018

6

7          MORRISON C. ENGLAND, JR
           UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28